UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT
-----------------------------------------------------------------------x
RICHARD GRAJEDA,

                Plaintiff,

   -against-                                    **COMPLAINT**

VAIL RESORTS INC., VAIL RESORTS MANAGEMENT    **PLAINTIFF**
COMPANY, and OKEMO LIMITED LIABILITY                 **DEMANDS**
COMPANY d/b/a OKEMO MOUNTAIN RESORT,             **TRIAL BY JURY**

                Defendants.
-----------------------------------------------------------------------x

      Plaintiff, RICHARD GRAJEDA, by his attorneys, SMILEY & SMILEY, LLP, complaining of the defendants, VAIL RESORTS INC., VAIL RESORTS MANAGEMENT COMPANY, and OKEMO LIMITED LIABILITY COMPANY d/b/a OKEMO MOUNTAIN RESORT, hereinafter alleges upon information and belief, and at all times relevant hereto, as follows:

## JURISDICTION

    1.    This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, in that this is an action by and between citizens of different states. The amount in controversy exceeds $75,000 (SEVENTY-FIVE THOUSAND DOLLARS) as to the plaintiff, exclusive of interest and costs.

    2.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claim occurred in this district.

    3.    Plaintiff demands a trial by jury on the cause of action pleaded herein.

## PARTIES

4. Plaintiff, RICHARD GRAJEDA, resides at 2648 Hyacinth Street, Westbury, New York 11590.

5. Upon information and belief, defendant, VAIL RESORTS INC., (hereinafter referred to as "VAIL RESORTS") is a foreign corporation authorized to transact business within the State of Vermont, having a principal place of business located at 390 Interlocken Crescent, Broomfield, Colorado.

6. Upon information and belief, defendant, VAIL RESORTS MANAGEMENT COMPANY (hereinafter referred to as "VAIL MANAGEMENT"), is a foreign corporation authorized to transact business within the State of Vermont, having a principal place of business located at 390 Interlocken Crescent, Broomfield, Colorado.

7. Upon information and belief, defendant, OKEMO LIMITED LIABILITY COMPANY d/b/a OKEMO MOUNTAIN RESORT (hereinafter referred to as "OKEMO LIMITED"), is a domestic corporation authorized to transact business within the State of Vermont, having a principal place of business located at 77 Okemo Ridge Road, Ludlow, VT.

8. Upon information and belief, OKEMO MOUNTAIN RESORT (hereinafter referred to as "OKEMO RESORT") is a ski and sports resort open to the public for recreational skiing, located at 77 Okemo Ridge Road, Ludlow, VT.

9. Upon information and belief, VAIL RESORTS, owns OKEMO RESORT.

10. Upon information and belief, VAIL RESORTS, operates OKEMO RESORT.

11. Upon information and belief, VAIL RESORTS, maintains OKEMO RESORT.

12. Upon information and belief, VAIL RESORTS, manages OKEMO RESORT.

13. Upon information and belief, VAIL MANAGEMENT, owns OKEMO RESORT.

14. Upon information and belief, VAIL MANAGEMENT, operates OKEMO RESORT.

15. Upon information and belief, VAIL MANAGEMENT, maintains OKEMO RESORT.

16. Upon information and belief, VAIL MANAGEMENT, manages OKEMO RESORT.

17. Upon information and belief, OKEMO LIMITED, owns OKEMO RESORT.

18. Upon information and belief, OKEMO LIMITED, operates OKEMO RESORT.

19. Upon information and belief, OKEMO LIMITED, maintains OKEMO RESORT.

20. Upon information and belief, OKEMO LIMITED, manages OKEMO RESORT.

## CAUSE OF ACTION

21. On or about December 19, 2019, plaintiff, Richard Grajeda, was rightfully and lawfully skiing, at OKEMO RESORT.

22. On December 19, 2019, plaintiff was skiing downhill on a beginner's trail, known as "Open Slope," at OKEMO RESORT.

23. On December 19, 2019, at OKEMO RESORT, there were numerous snowmaking guns positioned and located on "Open Slope".

24. On December 19, 2019, at approximately 10:00 A.M., plaintiff fell while skiing downhill on "Open Slope," causing him to slide and crash into an improperly padded snowmaking gun on the trail.

25. On December 19, 2019, at approximately 10:00 A.M., the padding on the snowmaking gun did not fully extend to the base of said gun, causing plaintiff's body to come into direct contact with the bare and unprotected metal portion of the gun.

3

26. As a result of the above-mentioned impact with the improperly padded snowmaking gun, plaintiff sustained catastrophic injuries and was rendered paraplegic.

27. The catastrophic injuries sustained by plaintiff were due to the negligence of defendants, VAIL RESORTS, VAIL MANAGEMENT, and OKEMO LIMITED, their agents, servants, and/or employees as hereinafter stated.

28. Defendants, VAIL RESORTS, VAIL MANAGEMENT, and OKEMO LIMITED their agents, servants and/or employees, were negligent in failing to properly operate, control, manage, inspect, repair, maintain and supervise the aforesaid premises, specifically, the snowmaking gun and its appurtenances; in causing and permitting an unsafe and hazardous condition to exist at the aforesaid premises; in causing and permitting the improper placement of the snowmaking gun; in failing to properly barricade the snowmaking gun; in failing to use the appropriate materials to cushion and pad the snowmaking gun; in failing to wrap the entire snowmaking gun in quality padding; in failing to properly place the padding around the entire snowmaking gun; in leaving a gap between the padding and the snow surface; in failing to properly inspect the padding that was placed on the snowmaking gun; in causing the padding to be placed in such a manner that it did not pad the entire snowmaking gun; in failing to adjust the padding to the changing levels of snow and other ski terrain conditions; in failing to provide the plaintiff with a safe means of skiing on the aforesaid trail; in failing to provide warning signs thereat; in failing to provide barricades; in causing and permitting the plaintiff to enter into a position of danger; in subjecting said plaintiff to unusual and unnecessary hazards and dangers; in failing to employ adequate and sufficient help to properly maintain the snowmaking gun in a safe condition; in creating a trap; in creating a nuisance; and failing to maintain said trail in a reasonably safe condition.

29. Defendants had actual and constructive notice of all the foregoing.

30. As a result of the carelessness and negligence of the defendants as aforesaid, plaintiff, RICHARD GRAJEDA, sustained serious and permanent injuries, including but not limited to, a catastrophic injury to his spinal cord rendering him paraplegic; was caused to suffer and will continue to suffer great physical and mental pain and psychological anguish; was caused to expend and will become obligated to expend sums of money for medical services and related expenses which continue into the future.

31. Plaintiff, RICHARD GRAJEDA, in no way contributed to the foregoing, and his injuries were solely due to the negligence and carelessness of the defendants, VAIL RESORTS, VAIL MANAGEMENT, and OKEMO LIMITED, as aforesaid.

32. The negligence of the defendants, VAIL RESORTS, VAIL MANAGEMENT, and OKEMO LIMITED, enhanced and increased the severity of the injury to plaintiff from what it would have been if proper safety measures were implemented.

33. The plaintiff, RICHARD GRAJEDA, did not assume the risk that proper safety precautions on the ski trails would not be taken.

34. The plaintiff's injuries were not due to or associated with the inherent risks in the sport of recreational skiing.

35. By reason of the foregoing, plaintiff, RICHARD GRAJEDA, has been damaged in the sum of $50,000,000 (FIFTY MILLION DOLLARS).

WHEREFORE, plaintiff demands judgment against defendants, VAIL RESORTS INC., VAIL RESORTS MANAGEMENT COMPANY, and OKEMO LIMITED LIABILITY COMPANY d/b/a OKEMO MOUNTAIN RESORT, in the sum of $50,000,000 (FIFTY MILLION DOLLARS), together with the costs and disbursements of this action.

Dated: New York, New York
October 8, 2020

Yours, etc.

SMILEY & SMILEY, LLP

By: _____
ANDREW J. SMILEY
Attorneys for Plaintiff
122 East 42nd Street, Suite 3900
New York, New York 10168
(212) 986-2022

Admitted to Practice in the District Court of Vermont, February 1, 1999 and in good standing continuously since that date.