**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT**

| | | |
|---|---|---|
| RICHARD GRAJEDA, III, | ) | |
| | ) | Case No. 2:20-cv-00165-cr |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VAIL RESORTS INC., | ) | |
| VAIL MANAGEMENT COMPANY, and | ) | |
| OKEMO LIMITED LIABILITY COMPANY | ) | |
| d/b/a OKEMO MOUNTAIN RESORT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO LIMIT THE TESTIMONY OF PLAINTIFF'S EXPERT MR. DICK PENNIMAN AND MEMORANDUM IN SUPPORT

Plaintiff's expert in "ski safety" intends to argue Plaintiff's case to the jury under the guise of expert testimony. His opinions—which range from the mechanism of thoracic spine injuries to the "reasonableness" of ski area operations (with which he admittedly has no experience) and the meaning of "inherent risk" under Vermont law—are based on nothing but his own ipse dixit. To the extent they qualify as "expert" testimony, Penniman's opinions fail every requirement of Rule 702. Plaintiff does not address the arguments and authorities raised in the Motion. Instead, Plaintiff argues that Penniman's opinions are admissible because they are consistent with his version of the facts. But expert testimony "cannot be used solely to bolster the credibility" of one party "by mirroring their version of the events." *United States v. Cruz*, 981 F.2d 659, 664 (2d Cir. 1992). Plaintiff's conclusory arguments to the contrary are unsupported by any legal authority and should be rejected. This Court should exclude Penniman's speculative opinions like other courts have done. *See, e.g.*, *DiFrancesco v. Win-Sum Ski Corp.*, No. 13CV148, 2017 WL 1046741, *14 (W.D.N.Y. Mar. 20, 2017) (excluding Penniman's opinions because his alleged "expertise does not rise to the level that it should be credited as an expert").

1

## I.    PENNIMAN'S INHERENT RISK OPINION IS INADMISSIBLE

*Impermissible Legal Conclusion*. Penniman seeks to offer an opinion on the threshold legal issue in this case: whether the cause of Plaintiff's injury was a risk that is "inherent to the sport of skiing." (Mot. 4.) Okemo moved to exclude that opinion because the law of this Circuit prohibits an expert from "express[ing] a legal conclusion." (*Id.* (citing *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992).) Plaintiff does not address Okemo's authority on this point. Instead, Plaintiff cites two cases in which Penniman opined that a particular risk was neither "obvious" nor "necessary." (Resp. 7 (citing *Umali v. Mount Snow Ltd.*, 247 F. Supp. 2d 567 (D. Vt. 2003) and *Passero v. Killington, Ltd.*, No. Civ. A. No. 92-5304, 1994 WL 326793 (E.D. Pa. June 28, 1994).) But the *admissibility* of Penniman's opinions was not raised in either of those cases, so they have no impact on the admissibility of Penniman's opinion in this case. Penniman's opinion that the risk Plaintiff encountered is "not inherent to the sport of skiing" is a legal conclusion, and the law of this Circuit "require[s] exclusion of expert testimony that expresses a legal conclusion." *Hygh*, 961 F.2d at 363.

*Qualifications*. Penniman is also not qualified to opine on what constitutes a risk that is "inherent to the sport of skiing" under Vermont law. Plaintiff does not respond to this argument, other than to note that Mr. Penniman is a retired ski patroller. (Resp. 7.) But Plaintiff does not explain how Penniman's three seasons as a ski patroller in California forty years ago could possibly endow him with "specialized knowledge" regarding what constitutes an "inherent risk" of skiing under Vermont law. (Mot. 5-6 (citing *Rieger v. Orlor, Inc.*, 427 F. Supp. 2d 99, 104 (D. Conn. 2006) (excluding an expert opinion that "does not proffer any specialized knowledge and invokes legal standards" because it "attempts to substitute [the expert's] judgment for the jury's").)

2

***Other Grounds for Exclusion.*** Okemo also argued that Penniman's opinion is unreliable, it will not help the jury, and the risk of unfair prejudice from the jury taking legal direction from an "expert" substantially outweighs any probative value from Penniman's conclusory opinion. (Mot. at 5-6 (citing cases).). Plaintiff again failed to address these arguments. The Court should exclude Penniman's "inherent risk" opinion on that basis alone. *See, e.g.*, *Semi-Materials Co., v. MEMC Elec. Materials, Inc.*, No. 4:06CV1426 FRB, 2011 WL 134078, at *4 (E.D. Mo. Jan. 10, 2011) (construing the plaintiff's utter failure to address an argument for exclusion of an expert's testimony "as an abandonment of [the] plaintiff's intention to introduce such opinion" and granting the motion on that ground alone).

## II.    PENNIMAN'S CAUSATION OPINION IS INADMISSIBLE

Penniman also seeks to opine that there was "a gap between the snow surface and the bottom of the shield at the time of [Plaintiff's] collision with the stand-pipe," and that "[t]he shield fell off when [Plaintiff] slid under the shield as he collided directly with the steel stand-pipe." (Mot. Ex. B at 3.) In the Motion, Okemo explained that Penniman's description of what occurred at the time of the incident is not "expert" testimony because it was not formulated based on "scientific, technical, or other specialized knowledge." (Mot. 7 ("It is speculation or, at best, merely lay testimony about facts of which Mr. Penniman has no personal knowledge.").) In response, Plaintiff argues that an expert may "base an opinion on facts or data in the case," and that Penniman reviewed certain documents and deposition transcripts in forming his "opinion." (Resp. 9.) But the question is not whether experts can "base an opinion on facts or data in the case"—of course they can. The problem with Penniman's opinion is that it is not *based* on "facts or data in the case," it is simply a *recitation* of Plaintiff's version of the "facts or data in the case." Plaintiff also argues that there is "overwhelming evidence" to support Penniman's opinion

3

that Plaintiff impacted the pole and not the shield. (*Id.*)[1] But the fact that Plaintiff believes there is evidence in the case to support his position does not authorize Penniman to repeat Plaintiff's litigation position under the guise of expert testimony. *See Loeffel Steel Prod., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 808 (N.D. Ill. 2005) (explaining that the federal rules prohibit "a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion").

  ***Qualifications***. Okemo also argued that Penniman does not have any "specialized knowledge" regarding the mechanism of Plaintiff's thoracic spine injury. (Mot. 8-10.) In response, Plaintiff argues that Penniman is qualified to opine on causation because he is an "expert on impact mitigation devices in the ski industry." (Resp. 11.) Specifically, Plaintiff argues that Penniman has "decades of experience evaluating various impact mitigation devices … and their ability to eliminate or reduce serious injuries upon skier impact." (*Id.*) The only evidence Plaintiff cites for that proposition is an article Penniman authored twenty-five years ago that discusses the effectiveness of various mitigation devices that were available at the time.[2] Penniman's thoughts on old mitigation devices is completely irrelevant to his causation opinion. For one thing, Penniman has already admitted that the mitigation device Okemo used is the "best there is." (Mot. 15.) And the general effectiveness of mitigation devices has nothing to do with whether Plaintiff's spinal cord injury was caused by direct impact with the pole or hyperextension of his spine around the shield covering the pole.[3] As explained in the Motion, an

---

[1] Okemo disagrees. (*See* ECF No. 100 at 7-8 (responding to this same argument made in Plaintiff's response to Okemo's motion to limit the expert testimony of Dr. Jeffrey Perry, and detailing evidence that Plaintiff hit the shield, not the pole).)

[2] Plaintiff declined to attach any of Penniman's alleged publications to his Response.

[3] Notably, in another filing Plaintiff argues that only a medical doctor can offer an opinion about causation. (*See* ECF No. 85 at 21 (arguing that Okemo's biomechanical engineering expert is not qualified to offer an opinion regarding the mechanism of Plaintiff's injury because he "is not a

expert's "conclusory assertions of expertise" and "passing reference to literature" does not amount to "specialized knowledge" under Rule 702. (Mot. 10 (citing *Topliff v. Wal-Mart Stores E. LP*, No. 6:04-CV_0297 GHL, 2007 WSL 911891, at *11-12 (N.D.N.Y. Mar. 22, 2007).) Plaintiff does not respond to this argument or even attempt to distinguish Okemo's authorities.

Plaintiff cites *Sanders v. Nike, Inc.*, No. 2:00-CV-424, 2004 WL 5504981 (D. Vt. Aug. 13, 2004), in support of his argument that Penniman is qualified to opine on the mechanism of Plaintiff's injury based on his general understanding of mitigation devices. But in *Sanders*, the expert who was qualified to opine on whether a helmet could have prevented the plaintiff's head injury had significant experience evaluating the mechanism of head injuries. *Id.* at *3. Indeed, the expert "designed and manufactured hockey helmets," had at least "one patent with regard to hockey helmet design," was "the principal scientist in the University of Tennessee Engineering Institute for Trauma and Injury Prevention with a specialty in head injury prevention and sports biomechanics," and was a faculty member at a university symposium regarding "the biomechanics of head injury." *Id.* Penniman's twenty-five-year-old article about mitigation devices does not amount to "specialized knowledge" in the biomechanics of spine injuries. Plaintiff does not meaningfully address this argument in his Response.

***Reliability***. Okemo also argued that Penniman's causation opinion is unreliable because it is based solely on his assumption that, because he has not heard of a skier being seriously hurt from collision with a shield, Plaintiff could not have sustained a spinal cord injury from hyperextension of his spine around the shield. (Mot. 10-12.) Plaintiff ignores this argument. Instead, he contends that Penniman "relied" on his experience "researching, publishing, and

medical doctor and has no medical training or experience").) If a PhD biomechanical engineer who has authored dozens of peer-reviewed papers cannot opine on causation, it is baffling that Plaintiff would argue that Mr. Penniman, with no technical training and a bachelor's degree in economics, can.

teaching" about "[m]itigating injuries from impacts with fixed obstacles at U.S. ski areas." (Resp. 9.) The facts say otherwise. Penniman said nothing of the sort in his report or his deposition. Penniman has no methodology or explanation for his opinion, and it must be excluded. *See Ruggiero v. Yamaha Motor Co., U.S.A.*, 778 F. App'x 88, 93 (3d Cir. 2019) (affirming exclusion of an expert opinion because the expert "failed to articulate his methodology supporting how he arrived at the conclusion").

Finally, Plaintiff contends that Penniman should be permitted to offer his speculative opinion because (1) there is evidence in the case of prior incidents in which skiers have collided with a similar shield and not been seriously injured and (2) a single representative from the company that manufactured the shield is "not aware" of any skier having sustained a serious injury from colliding with the shield. (Resp. 12.) This is yet another attempt to argue the evidence, and does not justify an opinion without any expert basis or methodology. *See In re Pfizer Inc. Sec. Litig.*, 819 F.3d 642, 665 (2d Cir. 2016) ("If an opinion is based on 'a methodology' that is 'simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony.' After all, 'nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert.'") (quoting *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002)).

***Unfair Prejudice***. Admitting Penniman's speculative and conclusory expert opinions on a primary factual dispute will inherently and unfairly prejudice Okemo. (*See* Mot. 15.) In response, Plaintiff argues that any prejudice from Penniman's conclusory causation opinion can be cured on cross-examination. (Resp. 11.) This is not the law. *See, e.g., Rivera-Cruz v. Latimer, Biaggi, Rachid & Gordreau, LLP*, No. 04-2377 (ADC), 2007 WL 9760514, at *4 (D.P.R. May

30, 2007) ("[S]peculative unreliable expert testimony should not reach the jury."); *State v. Michaels*, 625 A.2d 489, 502 (N.J. Super. Ct. App. Div. 1993) (concluding that "no amount of cross-examination could have undone the harm caused" by unreliable expert testimony).

### III.    PENNIMAN'S OPINION THAT THE POSITIONING OF OKEMO'S SNOWMAKING EQUIPMENT WAS "UNREASONABLE" IS INADMISSIBLE

*Reliability.* Penniman seeks to opine that the positioning of Okemo's snowmaking equipment was "unreasonable." Okemo moved to exclude that opinion as unreliable because Penniman "does not explain why moving the subject snowmaking equipment to the 'sides of the trails' would have been reasonable or even possible," he "does not cite to any literature or his own experience, and he does not even "identify other ski resorts that employ the approach for which he advocates." (Mot. 13-15.) Penniman relies on nothing but his "common sense" in articulating this opinion. (*Id.*) Okemo cited authority from this Circuit establishing that expert testimony "based on nothing more than experience and common sense" is unreliable and should be excluded. (*Id.* at 14 (citing *Wiener v. AXA Equitable Life Ins. Co.*, No. 16 Civ. 04019 (ER), 2019 WL 1228074, at *9 (S.D.N.Y. Mar. 15, 2019).)

Plaintiff offers no response to this argument. The failure to address this argument is reason alone to exclude Penniman's opinion. *See, e.g.*, *Bonner v. Normandy Park*, No. C07-962RSM, 2008 WL 4766822, at *1 (W.D. Wash. Oct. 29, 2008) ("[F]ailure to respond to a specific argument raised in a motion is construed by the Court as an admission that such argument has merit."); *Jordan v. Claudio Filippone, HolosGen, LLC,* No. 20-20023-Civ-SCOLA/TORRES, 2021 WL 1390370, at *3 (S.D. Fla. Apr. 13, 2021) ("[T]he failure to respond specifically to an argument raised in a motion [to exclude expert testimony] is a sufficient reason, by itself, to grant the relief requested."); *Gomez v. Am. Med. Sys. Inc.*, No. CV-20-00393-PHX-ROS, 2021 WL 1163087, at *14 (D. Az. Mar. 26, 2021) (excluding expert testimony

because the plaintiff failed to respond to an argument raised in a motion to exclude the expert's testimony); *Mod. Holdings, LLC v. Corning, Inc.*, No. 5:13-CV-00405-GFVT-EBA, 2022 WL 710174, at *11 (E.D. Ky. Mar. 9, 2022) (same); *Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) ("[A] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point").

*Qualifications*. Okemo also argued that Penniman has no "specialized knowledge" regarding how to reasonably position snowmaking equipment at a large, Eastern ski resort like Okemo. (Mot. 13.) Penniman's operational experience in the ski industry consists of a handful of seasons as a ski patroller in the 1970s and two seasons as "ski patrol director" at small ski areas out West.[4] Plaintiff provides no information for why this qualifies Penniman to discuss the positioning of Okemo's snowmaking equipment. In fact, Penniman *admitted* that he was never responsible for positioning or protecting snowmaking equipment in his role as ski patrol director, let alone at a large, Eastern ski resort like Okemo. (Mot. 13.)

Plaintiff's only remaining argument is to claim that "many United District Courts" have found Penniman qualified in ski injury cases, somehow magically making him qualified to offer expert testimony about the positioning of Okemo's snowmaking equipment. (Resp. 4.) However, Plaintiff only cites one case—*Whitford v. Mt. Baker Ski Area*, No. C11-00112RSM, 2012 WL 909938 (W.D. Wash. Mar. 15, 2012). There, Penniman opined about a lift attendant's responsibility to assist skiers in loading the chairlift and the ski area's use of a "safety net" under

---

[4] One of those resorts had just one portable snowmaking gun, (Mot. Ex. C at 38:5-14), and Plaintiff has offered no evidence about the other.

the lift. *Id.* at *2.[5] The court found Penniman qualified to offer these opinions because he had "filled in for lift operators in running the lifts." *Id.* Thus, in *Whitford*, Penniman's experience at least had some connection to his opinions. The same cannot be said for Penniman's opinion about the positioning of Okemo's snowmaking equipment because Penniman admitted to having no experience in that area. (Mot. 13.)

Incredibly, Plaintiff also relies on *DiFrancesco*—a case in which the court *excluded* Penniman's opinions. (Resp. 5.) Plaintiff argues that in *DiFrancesco*, the court "held that" Penniman's expert testimony "comes from decades of performing various tasks at several ski resorts and evaluating skiing hazards." (*Id.*) What Plaintiff fails to mention is that the court actually excluded or limited each of Penniman's opinions on the grounds that he was not qualified to provide them. Of Penniman's six opinions in that case, three were excluded in their entirety. *See* 2017 WL 1046741, at *13-14 (excluding one opinion because Penniman was "little more informed than that of a layperson," another because his "expertise does not rise to the level that it should be credited as an expert," and another because his experience was "only slightly more than a layperson"). The fourth was excluded unless the plaintiff could offer additional foundation to establish "that Penniman has sufficient expertise in sign location of chairlift instructions to credit [his] opinion as an expert." *Id.* at *12. Penniman's fifth opinion (regarding ski area "best practices") was limited to what, if anything, Penniman personally "observed at other ski resorts." *Id.* at *14. And Penniman's final opinion—that the cause of the plaintiff's injury was not inherent to the sport of skiing—was excluded because resolving that legal issue "does not require an expert opinion one way or the other." *Id.* at *12. *DiFrancesco* supports every one of Okemo's arguments.

---

[5] Plaintiff also cites *Passero*, in which the defendant moved for post-trial relief on grounds wholly unrelated to the admissibility of Penniman's testimony. 1994 WL 326793 at *5-6.

**<u>CONCLUSION</u>**

For these reasons, Okemo respectfully requests the Court exclude Mr. Penniman's "expert" opinions regarding (1) whether Plaintiff's injury was the result of an "inherent risk" of skiing; (2) what Plaintiff struck and the specific cause of Plaintiff's injury; and (3) whether Okemo was unreasonable for placing snowmaking equipment between two ski trails.


Date: July 19, 2022.                    Respectfully submitted,


.                                       */s/  Kristen L. Ferries*
                                        Thomas P. Aicher, Esq.
                                        Cleary Shahi & Aicher, P.C.
                                        110 Merchants Row, P.O. Box 6740
                                        Rutland, VT 05702-6740
                                        Telephone:     802.775.8800
                                        Facsimile:     802.775.8809
                                        Email:  tpa@clearyshahi.com

                                        Craig R. May (*pro hac vice*)
                                        Habib Nasrullah (*pro hac vice*)
                                        Kristen L. Ferries (*pro hac vice*)
                                        Wheeler Trigg O'Donnell LLP
                                        370 Seventeenth Street, Suite 4500
                                        Denver, CO  80202-5647
                                        Telephone:  303.244.1800
                                        Facsimile:   303.244.1879
                                        Email:   may@wtotrial.com
                                                 nasrullah@wtotrial.com
                                                 ferries@wtotrial.com

                                        Attorneys for Defendants Vail Resorts Inc.,
                                        Vail Management Company, And Okemo Limited
                                        Liability Company D/B/A Okemo Mountain Resort

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 19, 2022, I electronically filed the attached document using the ECF System for filing; it is available for viewing and downloading from the ECF system. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

- **Andrew J. Smiley**
  asmiley@smileylaw.com

- **Guy I. Smiley**
  gsmiley@smileylaw.com

- **Matthew D. Anderson**
  mda@vermontcounsel.com


*/s/ Kristen L. Ferries*
Kristen L. Ferries