UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

RICHARD GRAJEDA, )
 )
 Plaintiff, )
 )
 v. ) Case No. 2:20-cv-00165
 )
VAIL RESORTS INC., VAIL RESORTS )
MANAGEMENT COMPANY, and OKEMO )
LIMITED LIABILITY COMPANY d/b/a/ )
OKEMO MOUNTAIN RESORT, )
 )
 Defendants. )

**ENTRY ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF DEFENDANTS' EXPERT DR. MICHAEL COYER**
(Doc. 81)

Plaintiff Richard Grajeda brings this negligence action against Vail Resorts Inc., Vail Resorts Management Company, and Okemo Limited Liability Company (collectively, "Defendants"), seeking damages for injuries he sustained in a ski accident at Okemo Mountain Resort ("Okemo"). Pending before the court is Plaintiff's April 25, 2022 motion to preclude expert toxicologist Michael Coyer, PhD, from testifying at trial. (Doc. 81.)

Plaintiff is represented by Andrew J. Smiley, Esq., Guy I. Smiley, Esq., and Matthew D. Anderson, Esq. Defendants are represented by Kristen L. Ferries, Esq., Craig R. May, Esq., Habib Nasrullah, Esq., Joel P. Iannuzzi, Esq., and Thomas P. Aicher, Esq.

**I.   Factual and Procedural Background.**

On December 19, 2019, Plaintiff fell while downhill skiing at Okemo on a beginner trail named "Open Slope." He alleges that he slid and collided with a snowmaking station at the center of the trail. Plaintiff suffered significant injuries and was rendered a paraplegic. On October 15, 2020, Plaintiff filed a complaint alleging a single cause of action for negligence against Defendants, whom he claims own, operate,

maintain, and manage Okemo. Plaintiff claims Defendants inadequately padded the snowmaking station because the padding did not extend to the base of the station, allowing him to crash into the station's bare metal pole. He also asserts that Defendants negligently placed the snowmaking station in the center of the trail.

Plaintiff admits that he smoked marijuana and got "a little high" three hours before his fall but insists that he has a "tolerance" and was not impaired at the time of the fall. (Doc. 83-3 at 12–13.) Defendants seek to introduce the testimony of expert toxicologist Dr. Coyer in support of their contributory negligence defense and arguments regarding Plaintiff's credibility.

Dr. Coyer has a PhD in Chemistry and has practiced in the field of pharmacology and toxicology for thirty years. He is a Fellow of the American Board of Forensic Toxicology and operates multiple toxicology labs. Since 2012, he has regularly served as an expert forensic toxicology witness for the City of Philadelphia and frequently testified "on the effects of marijuana." (Doc. 81-2 at 25.)

Dr. Coyer opines that measurable amounts of Delta-9-THC, "the major psychoactive constituent of marijuana," remain in the bloodstream for three to twelve hours "after low dose inhalation." (Doc. 81-3 at 3.) He opines that smoking marijuana has psychoactive and physiological effects that may persist for three or more hours, including increased risk taking and reduced visual acuity, motor skills, perception of time, and memory. *Id.* at 4–6. Based on his knowledge and experience, the relevant scientific literature, and Plaintiff's deposition testimony, Dr. Coyer concludes that at the time of the incident Plaintiff would have "had a measurable amount of the active constituent of marijuana, namely, [D]elta-9-THC and/or its metabolites in his blood" and "been experiencing some level of psychoactive effects of marijuana described and referenced in this report, including reduced central and peripheral visual acuity, decreased inhibitions and risk taking[.]" *Id.* at 6–7.

On April 25, 2022, Plaintiff filed a motion to preclude Dr. Coyer from testifying at trial, arguing that Dr. Coyer is unqualified to provide an expert opinion, his opinion is insufficiently reliable or relevant under Fed. R. Evid. 702, and his testimony would

unfairly prejudice Plaintiff under Fed. R. Evid. 403. (Doc. 81.) Defendants responded on May 9, 2022 and Plaintiff replied on May 13, 2022. (Docs. 83, 84.) The court held a hearing on May 23, 2022, at which time it took the pending motion under advisement.

## II.  Conclusions of Law and Analysis.

Plaintiff argues Dr. Coyer's testimony must be excluded because "he is not qualified to offer opinions on the effects of cannabis upon a skier" and his opinions are "unreliable," "irrelevant," and "highly prejudicial" to Plaintiff. (Doc. 81 at 5.) The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 702 requires the court to serve as a gatekeeper for expert testimony, ensuring "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).

Plaintiff asserts that Dr. Coyer is not qualified to offer an expert opinion on the effects of marijuana use. The court disagrees. Dr. Coyer is an experienced toxicologist, who is certified by the American Board of Forensic Toxicology and who has practiced in the field of pharmacology and toxicology for three decades. There is no requirement that Dr. Coyer must have published peer-reviewed research on the pharmacokinetics of marijuana or have had personal experience with marijuana consumption to qualify as an expert on the subject. Dr. Coyer's professional background and practical experience constitute "scientific, technical, or other specialized knowledge" gained through "experience, training, or education." Fed. R. Evid. 702. His specialized experience in the field of pharmacology and toxicology is sufficient to allow him to offer opinions about

3

the effects of marijuana consumption on the human body, including on skiers. Any "alleged shortcomings" of Dr. Coyer's qualifications may be "properly explored on cross-examination" and go "to his testimony's weight and credibility – not its admissibility." *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1043 (2d Cir. 1995).

Plaintiff argues that even if Dr. Coyer is qualified as an expert witness, his opinions remain unreliable and lack a sufficient foundation because three of the studies Dr. Coyer cites do not support his conclusions and his opinions are otherwise unsupported by "sufficient facts or data." (Doc. 81 at 8) (internal quotation marks omitted). Dr. Coyer's report states:

> As published, the psychoactive effects and the time they are present from the use of marijuana (i.e., central and peripheral vision, perception of time, etc.) can vary. In general, the effects of an acute dose of marijuana can almost immediately induce a feeling of relaxation and euphoria often accompanied by heighten[ed] senses and a distorted sense of time. Decreased inhibitions and increased risk taking as well as reduced motor skills are well known common psychoactive effects associated with the use of marijuana.

(Doc. 81-3 at 6.)

The cited studies examine the "acute and residual effects" of smoking marijuana (Doc. 81-7 at 1); review existing literature on the effects of marijuana (Doc. 84-1 at 1); and report findings regarding risk factors for ski injuries based on a survey of skiers. (Doc. 84-2 at 1.) Among other findings, the studies recognize marijuana's effects on smooth pursuit eye tracking, mood, perception, motor function, cognition, and memory. Although Plaintiff is correct that the studies do not focus on risk taking, at least one study cited in Dr. Coyer's report identified "measurable changes in risky decision making" following marijuana use and observed that "[p]revious laboratory studies of acute marijuana effects on aggression, response inhibition, risky driving maneuvers, and complex decision making collectively suggest that marijuana may engender disinhibition at doses sufficient to produce a state of intoxication." (Doc. 81-6 at 1, 7) (internal citations omitted). Contrary to Plaintiff's contention, Dr. Coyer's opinions are "rooted in his significant relevant experience and based on generally accepted literature and

4

principles in the field." *Allegra v. Luxottica Retail N. Am.*, 341 F.R.D. 373, 438 (E.D.N.Y. 2022).

Although as Plaintiff points out, Dr. Coyer does not offer corroborating evidence of Plaintiff's marijuana use, such as a blood test, that, alone, does not require exclusion of his opinion. Plaintiff's own deposition testimony regarding his pre-incident marijuana use is sufficient. *See Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 587, 589 (5th Cir. 2003) ("[I]n few, if any, cases involving driver use of marijuana will there ever be specific evidence of the quantity or quality of the marijuana ingested. . . . If all variables were required to be eliminated in a case where an actor has used marijuana or another drug and then been involved in an accident, evidence of drug use would never be presented to the fact-finder.").

To the extent Plaintiff disagrees with the facts or data that Dr. Coyer relied upon in reaching his conclusions, Plaintiff may challenge those facts or data on cross-examination. *See Allen v. Dairy Farmers of Am.*, 2014 WL 266290, at *9 (D. Vt. Jan. 23, 2014) ("Most challenges to the facts or data relied upon by an expert do not go to the admissibility of his testimony, but only to the weight of his testimony.") (alterations adopted) (internal quotation marks omitted). This is not a case in which Dr. Coyer's opinions are "based on data, a methodology, or studies that are simply inadequate to support the conclusions reached." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002).

Plaintiff further claims that Dr. Coyer's testimony is not helpful or relevant because Dr. Coyer does not opine on Plaintiff's specific degree of impairment at the time and does not opine that impairment was a proximate cause of Plaintiff's collision. Dr. Coyer does not offer an opinion about Plaintiff's precise degree of impairment, nor could he do so based on the available information. He, instead, reached his limited conclusions by comparing Plaintiff's testimony regarding his marijuana use with the findings of peer-reviewed scientific research studies. This is a reasonable and reliable approach which falls within Fed. R. Evid. 702.

In addition, Defendants raise contributory negligence as an affirmative defense

and challenge the credibility and accuracy of Plaintiff's recall of the events. They assert that "[t]he fact that Dr. Coyer does not opine on the extent of the effects or that they 'caused' the incident does not render his opinions irrelevant or inadmissible." (Doc. 83 at 2.)

It is well-established that "although an expert may opine on an issue of fact within the jury's province, he may not give testimony stating ultimate legal conclusions based on those facts." *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991); *see also McLaughlin v. Langrock, Sperry & Wool, LLP*, 2020 WL 3118646, at *7 (D. Vt. June 12, 2020) ("Fed. R. Evid. 704(a) provides that '[a]n opinion is not objectionable just because it embraces an ultimate issue.' However, expert testimony that states a legal conclusion or 'communicat[es] a legal standard—explicit or implicit—to the jury' is inadmissible.") (alterations in original) (quoting *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992)). Dr. Coyer opines that the scientific literature demonstrates that Delta-9-THC remains in the bloodstream for three to twelve hours following low-dose inhalation, and that the physical and cognitive effects of marijuana use may persist for three or more hours. As the Fifth Circuit held in a similar case:

> Because of [the expert's] knowledge and training in the field of toxicology, his testimony would have been helpful to the fact-finder, not because it would have explained the connection between the marijuana and the accident, but because it explained the effect of recent ingestion of marijuana on an individual's cognitive functions, including perception and reaction time, both critical factors in any accident.

*Bocanegra*, 320 F.3d at 587. Even without providing an opinion as to Plaintiff's precise degree of impairment at the time of his accident, Dr. Coyer's testimony remains relevant and helpful to the jury regarding the issue of contributory negligence.

Finally, Plaintiff argues that Dr. Coyer's testimony must be excluded under Federal Rule of Evidence 403 for being "highly unfair and prejudicial" to Plaintiff. (Doc. 81 at 20.) Evidence that is otherwise admissible under Rule 702 must be excluded under Rule 403 when its "probative value is substantially outweighed by [the] danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

If Plaintiff's admission that he smoked marijuana prior to the accident is admitted at trial, it is difficult to see how expert testimony about the possible effects of Plaintiff's marijuana use would unfairly prejudice him. The danger of unfair prejudice arises only if a jury decides to punish Plaintiff because of his use of marijuana in a state where marijuana possession and use is legal on the state level. Any prejudice may be cured by appropriate jury instructions. *See United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998) ("As the Supreme Court has recognized, limiting instructions are often sufficient to cure any risk of prejudice.") (citing *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993)). The potential for unfair prejudice does not substantially outweigh the probative value of Dr. Coyer's opinion and Dr. Coyer's testimony is thus admissible under Rule 403.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to exclude Dr. Coyer's testimony (Doc. 81) is DENIED.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 5th day of December, 2022.

Christina Reiss, District Judge
United States District Court