UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 JUN 10 PM 4: 29

CLERK

BY _____
DEPUTY CLERK

RICHARD GRAJEDA,                          )
                                          )
        Plaintiff,                        )
                                          )
                v.                        )          Case No. 2:20-cv-00165
                                          )
VAIL RESORTS INC., VAIL RESORTS           )
MANAGEMENT COMPANY, and OKEMO             )
LIMITED LIABILITY COMPANY d/b/a/          )
OKEMO MOUNTAIN RESORT,                    )
                                          )
        Defendants.                       )

## ENTRY ORDER DENYING PLAINTIFF'S
## MOTION TO ENFORCE THE SETTLEMENT
### (Doc. 190)

    This matter comes before the court on a motion to enforcement the settlement after a February 1-16, 2024 jury trial. On February 16, 2024, the jury returned a verdict for Defendants, and the court thereafter entered judgment. On February 19, 2024, Plaintiff filed a motion to enforce an alleged settlement, (Doc. 190), to which Defendants responded on March 4, 2024. (Doc. 201.) Plaintiff replied on March 12, 2024, (Doc. 205), and on April 24, 2024, Defendants filed a sur-reply with the court's permission. (Doc. 225.) In a hearing on May 30, 2024, the court denied the motion on the record. (Doc. 230.)

    Plaintiff is represented by Andrew J. Smiley, Esq., Guy I. Smiley, Esq., Matthew D. Anderson, Esq., Michael S. Solomon, Esq., and Rosa M. Feeney, Esq. Defendants are represented by Craig R. May, Esq., Emily P. Linehan, Esq., Habib Nasrullah, Esq., Joel P. Iannuzzi, Esq., Thomas P. Aicher, Esq., and Michael J. Curtis, Esq.

## I.      Factual Background.

    After the jury began deliberations at approximately 2:30 p.m. on February 16, 2024, Plaintiff's counsel allegedly received a final settlement offer from Defendants'

insurance carrier representatives, Daniel Mitchell and Joy Posner. Mr. Mitchell left the

courthouse around 8:30 p.m., and it is disputed whether the final settlement offer was

withdrawn before he did so. At approximately 9:15 p.m., the court advised the parties that

there was a verdict and it was about to call back the jury. Mr. A. Smiley and the court

held the following exchange after a short recess:

> Mr. A. Smiley: [T]here was an offer that our client wants to accept before the verdict, and he just told us that he wants to accept it and wants me to call the claims adjuster and take that offer.
>
> The Court: Okay.
>
> Mr. A. Smiley: And that's what I'm stepping out to do, your Honor.
>
> The Court: All right.
>
> Mr. A. Smiley: I apologize.
>
> The Court: Then we are not going to hear the verdict, and -- and you agree with this, Mr. Aicher?
>
> Mr. Aicher: Your Honor, I'm not in the loop.
>
> The Court: Who's in the loop? So I need to know, offer and acceptance right now before we call off the verdict. Who made --
>
> Mr. Aicher: None of us have any authority that I'm aware of[.]
>
> Mr. A. Smiley: I have his phone number. The claims person just left the building, and he said to call him.

(Doc. 195 at 192-93.)

Mr. A. Smiley allegedly called but could not reach the insurance representative.

Mr. May spoke to the representative, who allegedly instructed him to accept the verdict.

When Mr. A. Smiley reentered the courtroom, the court inquired:

> The Court: Do we have a settlement?
>
> Mr. A. Smiley: Apparently it was just pulled, so --
>
> The Court: It was just pulled?
>
> Mr. A. Smiley: Yeah.
>
> The Court: Before you had an opportunity to accept it?
>
> Mr. A. Smiley: Yes, your Honor.
>
> The Court: Okay. All right. We will bring back the jurors.

*Id.* at 194-95. The jury rendered a defense verdict.

## II.   Conclusions of Law and Analysis.

In Vermont, the existence of a settlement is governed by contract law. *See, e.g.,*
*Rogers v. Rogers*, 373 A.2d 507, 509 (Vt. 1977) (analyzing a separation agreement under
contract law). "An enforceable contract must demonstrate a meeting of the minds of the
parties: an offer by one of them and an acceptance of such offer by the other." *Starr Farm*
*Beach Campowners Ass'n, Inc. v. Boylan*, 811 A.2d 155, 158 (Vt. 2002). "For an
acceptance of an offer to be valid, it must substantially comply with the terms of the
offer" and "may be accomplished either expressly or by conduct." *Benya v. Stevens &*
*Thompson Paper Co.*, 468 A.2d 929, 931 (Vt. 1983). A contract's existence "depends on
facts as well as the reasonable inferences to be drawn from them, and is also influenced
by the situation of the parties and the subject matter." *Town of Rutland v. City of Rutland*,
743 A.2d 585, 588 (Vt. 1999). To discern intent, courts look to "the objective words and
deeds of the parties." *Quenneville v. Buttolph*, 833 A.2d 1263, 1270 (Vt. 2003).

Instead of stating that there was a settlement, Mr. A. Smiley advised the court that
the settlement was "pulled[]" before Plaintiff could accept it. (Doc. 195 at 194.) No party
presented the court with the alleged settlement's terms, and Plaintiff's counsel did not
object to the reading of the verdict. Insofar as a settlement was concerned, there was no
meeting of the minds and no settlement for the court to enforce.

Judicial estoppel generally "bar[s] litigants from taking inconsistent positions in
successive suits," *Clark v. All Acquisition, LLC*, 886 F.3d 261, 265 (2d Cir. 2018), and
"will [typically] apply if: 1) a party's later position is 'clearly inconsistent' with its earlier
position; 2) the party's former position has been adopted in some way by the court in the
earlier proceeding; and 3) the party asserting the two positions would derive an unfair
advantage against the party seeking estoppel[.]" *DeRosa v. Nat'l Envelope Corp.*, 595
F.3d 99, 103 (2d Cir. 2010) (citation omitted). It is limited "to situations where the risk of
inconsistent results with its impact on judicial integrity is certain." *Id.* (citation and
internal quotation marks omitted).

Although the doctrine generally applies to separate proceedings, the basic concept
applies here. The court relied on Plaintiff's counsel's representation that there was no

3

settlement to accept the jury's verdict and enter judgment thereon. To now allow Plaintiff's counsel to represent that a settlement existed because he voiced an intention to accept an offer which Defendants contend was rescinded would encourage gamesmanship that would frustrate the administration of justice. A party could await the jury's verdict, determine whether it was favorable, and, if it was not, claim a settlement that was not memorialized in any manner, never presented to the court, and the existence of which is in dispute. Estoppel "prevents one from asserting a claim or right that contradicts what one has said or done before or what has been legally established as true." *Estoppel, Black's Law Dictionary* (11th ed. 2019).

## CONCLUSION

Plaintiff's motion to enforce the settlement is therefore DENIED. (Doc. 190.) SO ORDERED.

Dated at Burlington, in the District of Vermont, this ___ day of June, 2024.

Christina Reiss, District Judge
United States District Court