U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 AUG 27 PM 5: 15

CLERK
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

RICHARD GRAJEDA, )
)
Plaintiff, )
)
v. ) Case No. 2:20-cv-00165
)
VAIL RESORTS INC., VAIL RESORTS )
MANAGEMENT COMPANY, and OKEMO )
LIMITED LIABILITY COMPANY d/b/a/ )
OKEMO MOUNTAIN RESORT, )
)
Defendants. )

# ENTRY ORDER GRANTING PLAINTIFF'S
# MOTION TO STRIKE BILL OF COSTS
(Doc. 207)

This matter comes before the court on a motion to strike the bill of costs after a February 1-16, 2024 jury trial. On February 16, 2024, the jury returned a verdict for Defendants, and the court thereafter entered judgment. In a hearing on May 30, 2024, on the record and in a written order on June 10, 2024, the court denied Plaintiff's motion to enforce the settlement. (Docs. 230, 233.)

On March 7, 2024, Defendants filed a bill of costs totaling $40,969.55 for transcript procurement from March 3, 2021 until February 21, 2024, which the court has not yet taxed (the "bill of costs"). (Doc. 204.) Pending before the court is Plaintiff's motion to strike the bill of costs filed on March 15, 2024. (Doc. 207.) Defendants responded in opposition on March 28, 2024, (Doc. 212), and Plaintiff replied on April 3, 2024, at which time the court took the pending motion under advisement. (Doc. 214.)

Plaintiff is represented by Andrew J. Smiley, Esq., Guy I. Smiley, Esq., Matthew D. Anderson, Esq., Michael S. Solomon, Esq., and Rosa M. Feeney, Esq. Defendants are represented by Craig R. May, Esq., Emily P. Linehan, Esq., Habib Nasrullah, Esq., Joel P. Iannuzzi, Esq., Thomas P. Aicher, Esq., and Michael J. Curtis, Esq.

I.   **Conclusions of Law and Analysis.**

Plaintiff requests the court deny Defendants' bill of costs because of his inability to pay compared to Defendants, the excessiveness and lack of necessity for the claimed costs, and the alleged closeness of the decided issues. Defendants claim Plaintiff's motion is premature, assert that their costs were necessary, and argue that the contested nature of the case, Plaintiff's lack of financial resources, nor their corporate status justify denying the bill of costs. They also contend that it is unclear whether Plaintiff or his counsel is responsible for the bill of costs.

A.   **Whether Plaintiff's Motion is Premature.**

Fed. R. Civ. P. 54(d)(1) provides:

> Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

*Id.*

Pursuant to District of Vermont Local Rule of Civil Procedure 54:

> (a)   **Taxable Costs.** Taxable costs are limited to those specified by 28 U.S.C. § 1920 and must be claimed using the Bill of Costs [Form AO-133]. All costs must be itemized and include supporting documentation, such as billing statements, invoices, or receipts for expenses.
>
> (b)   **Appealed Cases.** For cases on appeal, costs will be taxed under 28 U.S.C. § 1920 and Fed. R. App. P. 39(e) after the appellate court issues a final order or mandate.

Loc. R. Civ. P. 54 (emphasis in original). A court may tax costs pursuant to Fed. R. Civ. P. 54(d) and the Local Rules only if authorized by 28 U.S.C. § 1920, which provides in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)   Fees of the clerk and marshal;
>
> (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)   Fees and disbursements for printing and witnesses; [and]

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]

28 U.S.C. § 1920(1)-(4).

"The district court, pursuant to Fed R. Civ. P. 54(d)(1), has discretion in awarding costs other than attorney's fees." *Japan Airlines Co. v. Port Auth. of N.Y. & N.J.*, 178 F.3d 103, 114 (2d Cir. 1999). Under Rule 54(d), "the proper procedure is for the clerk to first tax costs[,]" with "the court reviewing the clerk's action by motion." *Fortunati v. Campagne*, 2013 WL 2322958, at *2 (D. Vt. May 28, 2013). Nevertheless, "[t]he procedure established by [Rule 54(d)] is permissive, and the failure to follow it does not deprive the [c]ourt of power to tax costs." *Gala Jewelry, Inc. v. Harring*, 2007 WL 684002, at *1 (S.D.N.Y. Mar. 1, 2007). A court can exercise its discretion and conduct a direct review of the bill of costs, especially where "the parties have fully briefed the costs issue[.]" *Fortunati*, 2013 WL 2322958, at *2; *see also Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016) ("A district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question itself.") (alteration adopted) (citation and internal quotation marks omitted).

Defendants assert that Plaintiff's motion is premature because the court has not yet taxed the bill of costs. Because the Rule 54(d) procedure is permissive and Plaintiff acted diligently upon receiving the bill of costs, the court considers his motion to disallow costs and will exercise its discretion to decide whether certain costs should be taxed to Plaintiff.

### B. Whether the Court Should Strike Defendants' Bill of Costs.

"[A]n award [of costs] against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield*, 241 F.3d at 270. "For this reason, the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Id.* "[T]he

3

decision to set aside a Bill of Costs under Rule 54 is an equitable one[,]" *AXA Versicherung AG v. N.H. Ins. Co.*, 769 F. Supp. 2d 623, 626 (S.D.N.Y. 2011), and "when a prevailing party is denied costs, a district court must articulate its reasons for doing so." *Whitfield*, 241 F.3d at 270.

Plaintiff contends that ten invoices covering $8,552.75 do not include a breakdown of fees and invoice copies for deposition transcripts omit paid receipts. He asserts that Defendants made unexplained and unnecessary cost requests for $15,769.35 in daily trial transcripts, $2,563.80 in expedited transcripts, and $1,525.50 in trial transcript copies, as well as deposition copying costs for an excessive number of copies. Plaintiff also argues that he should not be responsible for ancillary fees such as "E-bundle/Lit Support Package," "Mini/condensed Transcript," "Processing, Handling & Archiving" fees, "Administration Fees[,]" "Legal View[,]" "Expert Testimony" fee, and appearance fees. (Doc. 207 at 8) (internal quotation marks omitted).

Although some expedited fees and transcripts may have been desirable, Defendants do not establish all of them were necessary,[1] nor explain the inclusion and necessity of ancillary fees.[2] *See Farberware Licensing Co. LLC v. Meyer Mktg. Co.*, 2009 WL 5173787, at *6 (S.D.N.Y. Dec. 30, 2009), *aff'd*, 428 F. App'x 97 (2d Cir. 2011) ("[I]n attempting to tax the full invoice value of their deposition costs, [defendant] has included untaxable costs including RealTime service, delivery, appearance fees, rough disks and expedited service."); *N.O. by Orwig v. About Women Ob/Gyn, P.C.*, 440 F. Supp. 3d 565, 568 (E.D. Va. 2020) ("[T]he invoices . . . include costs associated with video conferencing and other ancillary fees which should not be taxed to a non-prevailing party[.]").

---

[1] *See Walker v. Mod-U-Kraf Homes, LLC*, 2015 WL 4400227, at *4 (W.D. Va. July 17, 2015) (declining to tax the costs of daily trial transcripts because, "[w]hile the transcripts may have been helpful to defense counsel in preparing for various aspects of trial, the court is unable to conclude that they were necessary").

[2] For example, Defendants seek costs for the deposition transcripts of witnesses who did not testify at trial, as well as the *Daubert* motion transcripts for hearings they attended and for which the court issued written opinions and orders, as opposed to ruling on the record.

4

Defendants also do not articulate a need for transcripts for *each* day of trial, especially in light of additional counsel present to observe the proceedings. *See Farberware Licensing Co. LLC*, 2009 WL 5173787, at *6 ("[C]osts for daily trial transcripts are rarely granted where more than one attorney was present for each day of trial such that one attorney could have been taking notes[.]").

Plaintiff, not his counsel, is responsible for the bill of costs because he is the "losing party[.]" *Whitfield*, 241 F.3d at 270. "[A] district court may deny costs on account of a losing party's indigency, but indigency *per se* does not automatically preclude an award of costs." *Id.* Plaintiff avers that he is twenty-five years old, a paraplegic, and unemployed. *See* Doc. 207-2. He has $425.70 in his bank account and receives $671.67 monthly from a Social Security disability benefit payment, which he uses for medical care and accommodations. He states that he does not have any other income nor assets of significant value and his future medical care is estimated to cost between $3,164,573.21 and $4,967,485.40. Referencing that his expert witness testified at trial that he will not be able to work full-time because of his physical limitations, Plaintiff asserts that he must use his limited funds to support himself and his medical needs. Defendants do not dispute Plaintiff's financial resources or his claimed inability to pay.

At his current income, Plaintiff would not be able to satisfy the bill of costs for decades, and possibly ever.[3] Defendants have significantly greater resources and do not contest that there is a substantial disparity in bargaining power between the parties. *See Rubinow v. Boehringer Ingelheim Pharms., Inc.*, 2013 WL 4402368, at *2 (D. Conn.

---

[3] *See N.O. by Orwig v. About Women Ob/Gyn, P.C.*, 440 F. Supp. 3d 565, 567 (E.D. Va. 2020) (denying a bill of costs that "represent[ed] a full year of plaintiffs' pre-tax income" and plaintiff "cannot work full-time"); *Alcorn v. Crest Ultrasonic Corp.*, 2019 WL 8353308, at *3 (W.D. Va. Mar. 28, 2019), *report and recommendation adopted*, 2019 WL 8353307 (W.D. Va. July 9, 2019) ("[T]axing costs on Plaintiff here would create a financial hardship from which she would likely never fully recover, especially because [Plaintiff's] permanent disability has created a more dire situation for her financially."); *cf. McGuigan v. CAE Link Corp.*, 155 F.R.D. 31, 34 (N.D.N.Y. 1994) (finding Plaintiff's argument unsupported as to his inability to pay taxable costs when trial testimony showed he had thousands of dollars in gross business receipts in recent years, "continues to receive approximately $14,000 per year in pension benefits, owns a home valued at approximately $130,000, and has a line of credit and various accounts with his bank").

Aug. 14, 2013) (relieving plaintiff of her obligation to pay the bill of costs when "[the parties] could not be more dissimilar in terms of resources or bargaining power. [Plaintiff's] inability to pay and [defendant's] ability to absorb this loss are reasonable factors for this court to consider in determining an award of specific costs"). This case was a close one, as indicated by the jury's note that the jurors were at an impasse prior to reaching a verdict.

"Where a court has 'familiarity with the merits and trial tactics employed throughout' a case, the court may simply 'find an award of costs inequitable based on the factual predicate of this case and its history.'" *Bagwell v. World Wrestling Ent., Inc.*, 2018 WL 4697301, at *5 (D. Conn. Jan. 22, 2018) (alteration adopted) (quoting *DLC Mgmt. Corp. v. Town of Hyde Park*, 45 F. Supp. 2d 314, 315 (S.D.N.Y. 1999)). In this case, awarding substantial costs to Defendants is unjust and unwarranted in light of Plaintiff's financial resources, the discretionary character of many of the costs, and the closeness of the disputed issues. *See Green v. Winchester Med. Ctr.*, 2015 WL 247871, at *3-4 (W.D. Va. Jan. 20, 2015) (finding it "unjust to award costs to the prevailing defendants" when "the evidence presented at trial demonstrates that, at least without further education, the permanent injury suffered by the plaintiff has substantially reduced her present and future earnings potential" and "the case was a close and difficult one").

## CONCLUSION

Plaintiff's motion to strike the bill of costs is therefore GRANTED. (Doc. 207.) SO ORDERED.

Dated at Burlington, in the District of Vermont, this 27th day of August, 2024.

Christina Reiss, Chief Judge
United States District Court